## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

---------------------------------------------------------
STEPHEN SAMPLES

           Plaintiff,

v.                                      Civil Action No.

THE BRACHFELD LAW GROUP, PC

           Defendant.

---------------------------------------------------------

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Stephen Samples ("Plaintiff"), is a natural person who at all relevant times resided in the State of Tennessee, County of Rutherford, and City of Smyrna.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, The Brachfeld Law Group, PC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant sent initial written communication to Plaintiff dated September 11, 2009 in which Defendant stated, in relevant part:

(a) "Our law firm has been retained to collect from you the Total Amount

Due listed above."

(b)  "If you want to resolve this matter, please either pay the Total Amount Due or call our Law Firm at 888-856-2120 and work out arrangements for payment.  If you do neither of these things, we will continue our collection efforts for the collection of this debt."

(c)  "At this time, no attorney with this firm has presently reviewed the particular circumstances of your account."

12.    This letter was placed on Defendant's law firm letterhead and stated that Defendant had been "retained" by the Creditor.

13.    Furthermore, Defendant's multiple references to its being a "law firm" was designed to lead a Plaintiff to believe that when Defendant stated "we will continue our collection efforts for the collection of this debt," it meant that Defendant could file a lawsuit against Plaintiff.

14.    However, no attorney that is a member or employee of Defendant's firm is licensed to practice law in the state of Tennessee, making Defendant's overtures a false representation of the level of meaningful attorney involvement in the collections process.  (15 U.S.C. §§ 1692e(3), 1692e(10)).

15.    Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

16. Plaintiff repeats and re-alleges each and every allegation contained above.

17. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated the FDCPA;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

18.        Plaintiff is entitled to and hereby demands a trial by jury.

-5-

Dated: September 2, 2010

                    Respectfully submitted,
                    Stephen Samples

                    By: /s/Craig Ehrlich
                    Craig Ehrlich
                    Attorney for Plaintiff
                    Weisberg & Meyers, LLC
                    5722 S. Flamingo Road, #656
                    Cooper City, FL 33330
                    Telephone: (602) 445 9819
                    Facsimile: (866) 565 1327
                    Email: CEhrlich@AttorneysForConsumers.com

                ***Please send correspondence to the address below***

                    Craig Ehrlich
                    Weisberg & Meyers, LLC
                    Attorneys for Plaintiff
                    5025 N. Central Ave. #602
                    Phoenix, AZ 85012